UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In re MONICA HAMILTON,

                                                        Case No. 13-51136
                                                        HON. TERRENCE G. BERG

            Movant.
_____/

**ORDER DENYING MOTION FOR EXPUNGEMENT**

Before the Court is a request to have a federal criminal conviction expunged. On July 26, 2013, the Clerk of the Court received a letter from Monica Hamilton, addressed to United States District Judge Mark A. Goldsmith (Dkt. 1). The Clerk of the Court interpreted Hamilton's letter as a request for relief, assigned it a case number, and randomly assigned it to this Court.

According to the request, Monica Hamilton was convicted in 1992, by guilty plea, of being in possession of a firearm with an obliterated serial number.[1] Hamilton states that her Probation Officer told her that her criminal record would be "sealed/expunged." Consequently, Hamilton contends, she believed that her conviction had been expunged. In April 2013, Hamilton applied for a Concealed Pistol License ("CPL") from the state of Michigan.[2] In June 2013 Hamilton received

---

[1] Although the letter does not provide specific details regarding the nature of Hamilton's conviction, the knowing possession of a firearm with an obliterated serial number is prohibited by 18 U.S.C. § 922(k).

[2] Given the possibility that Hamilton may have purchased or obtained a firearm prior to applying for a CPL, the Court notes that federal law makes it illegal for a person who has previously been convicted of a felony to possess a firearm, if that firearm was manufactured outside the State of Michigan. There are no firearms manufacturers located in Michigan. *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.")

notice that her CPL application was denied because of her prior felony conviction. Hamilton now asks this Court to expunge or seal her record, so that she may have her civil rights restored.[3]

Although the Court appreciates Ms. Hamilton's well-meaning goal of seeking to have her civil rights restored so that she may lawfully possess a firearm and obtain a CPL, this Court has no power to expunge her conviction or restore her civil rights. Federal courts are courts of limited jurisdiction, and the Sixth Circuit Court of Appeals has previously found, in light of *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994), that after a final judgment, unless there is a specific, statutory grant of authority, the federal courts do not have jurisdiction to entertain motions for expungement. *See United States v. Lucido*, 612 F.3d 871, 873-77 (6th Cir. 2010). Here, Hamilton does not appear to be disputing that her conviction is final. Likewise, although a few statutes permit expungement motions, none of them apply to Hamilton's case. *See* 18 U.S.C. § 3607(c), 21 U.S.C. § 844a(j) (authorizing expungement for convictions of certain violations of the Controlled Substances Act); 5 U.S.C. § 552a(g) (authorizing expungement to correct inaccurate government records); 42 U.S.C. § 14132(d), 10 U.S.C. § 1565(e) (authorizing expungement of DNA records); *see also United States v. Carey,* 602 F.3d 738, 740

---

[3] It is possible that certain civil rights may have already been restored to Hamilton by operation of state law. *See Rights & Privileges Lost Upon a Felony Conviction*, UNITED STATES PROBATION OFFICE -- EASTERN DISTRICT OF MICHIGAN,
http://www.miep.uscourts.gov/pages/supervision/rights_restoration.cfm (last visited July 26, 2013). However, certain other rights, including the rights provided by the Second Amendment, may only be restored by a Presidential pardon. *See Frequency Asked Questions Concerning Executive Clemency*, THE UNITED STATES DEPARTMENT OF JUSTICE, http://www.justice.gov/pardon/faq.htm#2 (last visited July 26, 2013).

(6th Cir. 2010) (holding Federal Gun Control Act does not authorize expungement remedy), reh'g denied (May 17, 2010), *cert. denied*, 131 S. Ct. 322 (U.S. 2010).

In this case, the Sixth Circuit's holding in *Lucido* controls: this Court has no authority to entertain a request for expungement.

Therefore, Hamilton's Motion for Expungement (Dkt. 1) must be **DENIED** for want of jurisdiction, and the case **DISMISSED**.

**SO ORDERED**.

Dated: July 30, 2013

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 30, 2013, using the CM/ECF system; a copy of this Order was also mailed to Monica Hamilton at 17372 Michigan Hts. Dr., Brownstown, Michigan, 48174.

s/A. Chubb
Case Manager